UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LARRY HARRIS**                                            **CIVIL ACTION**

**VERSUS**                                                  **NO. 10-1607**

**BURL CAIN, WARDEN**                                       **SECTION "B"(5)**

### ORDER AND REASONS

Before the Court is Petitioner Larry Harris's ("Harris") Motion to Reinstate a Timely Filed Objection to the March 1, 2011 Report and Recommendation of United States Magistrate Judge Alma Chasez, which recommended that Petitioner's habeas corpus petition under 28 U.S.C. § 2254 be dismissed with prejudice as untimely. (Rec. Doc. Nos. 10, 14, 15). In light of his objection, Harris also seeks a reconsideration of this Court's March 21, 2011 Order of Dismissal of his habeas corpus petition (Rec. Doc. Nos. 11, 15). For the following reasons,

**IT IS ORDERED** that Petitioner's Motion to Reinstate a Timely Filed Objection and Motion for Reconsideration (Rec. Doc. No. 15) is **GRANTED;** however, Petitioner's objections are overruled, and the habeas corpus petition is dismissed with prejudice.[1]

On April 25, 2003, a Jefferson Parish jury found Harris guilty of second degree murder and sentenced him to life imprisonment at hard labor without parole, probation, or suspension of sentence.

---

[1] We are grateful for the work on this case by Eric Cusimano, a Loyola University of New Orleans College of Law extern with our chambers.

(Rec. Doc. No. 10).  Harris is presently incarcerated at Louisiana State Penitentiary in Angola, Louisiana.  (Rec. Doc. No. 10).  On March 30, 2004, the Louisiana Fifth Circuit Court of Appeal affirmed Harris's conviction and sentence, and the Louisiana Supreme Court denied Harris's writ application on October 29, 2004.  State v. Harris, 871 So.2d 599 (La. App. 5 Cir. 2004); State v. Harris, 885 So.2d 584 (La. 2004).  Harris did not seek a writ of certiorari from the U.S. Supreme Court within the prescribed ninety-day period, and his conviction became final on January 27, 2005.  See U.S. Sup. Ct. R. 13(1); Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003), cert. denied, 529 U.S. 1099 (2000).

On October 31, 2005, Harris filed an application for post-conviction relief with the Jefferson Parish trial court, alleging a denial of his right to confront his accusers; a denial of his right to effective assistance of counsel; and, as the result of cumulative errors, a denial of his right to a fair trial (Rec. Doc. 10).  The state district court denied this application on November 16, 2005 (Rec. Doc. 10).  On December 19, 2005, Harris filed a writ application with the Louisiana Fifth Circuit Court of Appeal, again citing his original three allegations from his state trial court application, and the Louisiana Fifth Circuit Court of Appeal similarly denied Harris's writ application on January 5, 2006.[2]

---

[2] There have been documented reports of impropriety regarding the Louisiana Fifth Circuit Court of Appeals handling of pro se petitions for writs of habeas corpus during the time frame of Harris's application.  These reports are cited by Harris in his objection to the Report and Recommendation of Magistrate Judge Chasez (Rec. Doc. 14); however, the effect of the Louisiana Fifth Circuit's improprieties are ultimately irrelevant in the final

Harris did not seek review from the Louisiana Supreme Court at this immediate time.

However, on July 2, 2008, Harris filed a "Petition for Writ of Certiorari" with the Louisiana Supreme Court, complaining that his original post-conviction application was not properly reviewed by a three-judge panel of the Louisiana Fifth Circuit Court of Appeal. (Rec. Doc. No. 10). The Louisiana Supreme Court in accordance with the procedures set forth in State v. Cordero, 993 So.2d 203 (La. 2008) transferred Harris's case to an insulated three-judge panel of the Louisiana Fifth Circuit Court of Appeal, which again reviewed Harris's initial writ application, and on February 18, 2009 the Louisiana Fifth Circuit denied Harris's claims on the merits.[3]  State ex rel. Harris v. State, 993 So.2d 203 (La. 2008); Harris v. Louisiana, No. 08-WR-943 (La. App. 5 Cir. 2009) (unpublished opinion).[4]  Harris filed a writ application with the Louisiana Supreme Court seeking relief from the Louisiana Fifth Circuit Court of Appeal's February 18, 2009 decision, which the Court denied on February 12, 2010.  State ex rel. Harris v. State, 27 So.3d 847 (La. 2010).

---

determination of Harris's petition as untimely, as it will be shown that even if this period of time is excused from consideration, Harris's instant writ application must still be denied.

[3] In accordance with an en banc resolution of the Louisiana Fifth Circuit Court of Appeal, in State v. Cordero, 993 So.2d 203 (La. 2008), the Louisiana Supreme Court, acknowledged and addressed the alleged improprieties of the Louisiana Fifth Circuit Court of Appeal's pro se habeas corpus petition review, by transferring all applications currently filed with the Court to an insulated three-judge panel of the Louisiana Fifth Circuit Court of Appeal.

[4] A copy of the Louisiana Fifth Circuit's February 19, 2009 unpublished opinion is contained in the State rec., vol. 29 of 29, tab 19.

On May 25, 2010, Harris filed the instant federal habeas corpus petition. (Rec. Doc. No. 10). On March 1, 2011 Magistrate Judge Chasez filed a Report and Recommendation advising this Court that Harris's petition for a writ of habeas corpus be dismissed with prejudice as untimely. (Rec. Doc. No. 10). The Magistrate Court mailed the Report and Recommendation on March 1, 2011 from New Orleans to Angola, Louisiana, and Harris received it on March 3, 2011. (Rec. Doc. No. 15). Harris presented his objection to prison officials on March 15, 2011 for mailing; however, it was not properly filed with this Court until March 22, 2011, after an order of dismissal had already been filed the previous day. (Rec. Doc. No. 15)(Rec. Doc. No. 11). Without review of Harris's objection this Court followed Magistrate Judge Chasez's recommendation and denied with prejudice Harris's motion for a writ of habeas corpus under 28 U.S.C. § 2254.

The petitioner, Harris, seeks reinstatement of his objection to Magistrate Judge Chasez's Report and Recommendation of March 1, 2011, and this Court's reconsideration of it's March 21, 2010 order to dismiss as untimely his federal habeas corpus petition. (Rec. Doc. No. 15)(Rec. Doc. No. 11)  Harris contends: 1) that in properly submitting his objection to prison officials for mailing on March 15, 2011, it should be deemed filed at that time; 2) that his objection should have been considered by this Court prior to its dismissal of his petition, and at this time should now be reinstated and reviewed; 3) that upon consideration of his

objection this Court should find his federal habeas corpus petition timely and proceed with deliberation of the petition.

The Jefferson Parish District Attorney's Office contends that regardless of the timeliness of Harris's objection, his federal habeas corpus petition was at the outset filed after the one-year limitation period allowed by the Antiterrorism and Effective Death Penalty Act of 1996; therefore, the instant petition should be denied as untimely.

**I.   Motion to Reinstate Timely Filed Objection**

According to 28 U.S.C. § 636(b)(1):

> Within fourteen days after being served with a copy any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objections are made.  A judge of the court may accept, reject, or modify, in whole or in part the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2011).

Taking the 14 day time limit to hear objections into account, and considering Harris's status as an inmate at Louisiana State Penitentiary, the timeliness of Harris's objection to Magistrate Judge Chasez's Report and Recommendation of March 1, 2011, should be assessed in light of the "mailbox rule."

In <u>Causey v. Cain</u>, 450 F.3d 601, 604-605 (5th Cir. 2006), the United States Fifth Circuit applied the federal "mailbox rule" when determining the filing date of state court pleadings for the

purpose of determining the timeliness of a federal habeas petition. Applying the "mailbox rule," a pro se prisoner files a pleading on the date he or she delivers the pleading to prison officials for mailing. See Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).

On March 3, 2011 Harris was served with the Report and Recommendation dated March 1, 2011; therefore he had until March 17, 2011, 14 days later, to file his objections with this Court. Although Harris's objection was not received by this Court until after the court order dated March 21, 2011 dismissing Harris's petition without objection, the objection should be considered filed on March 15, 2011, the date when Harris presented his objection to prison officials for mailing.  The 14 day period for objection following Harris's receipt of Magistrate Judge Chasez's Report and Recommendation, would have expired on March 17, 2011, after Harris had submitted his objection to Louisiana State Penitentiary officials for mailing.  Therefore, Harris's objection should be considered timely filed and as such is hereby reinstated and considered in weighing his habeas corpus petition.

**II.  Harris's Habeas Corpus Petition**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No 104-132, 110 Stat. 1214. The AEDPA went into effect on April 24, 1996 and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998)(citing Lindh v. Murphy, 521 U.S. 320 (1997)).

Harris's initial habeas corpus petition to the federal trial court was made on May 25, 2005, and therefore the AEDPA applies to Harris's petition.

The AEDPA requires a petitioner to bring his or her application for a federal writ of habeas corpus within one year of the date his or her conviction becomes final. 28 U.S.C. § 2244(d)(1)(A); Duncan v. Walker, 533 U.S. 167, 179-180 (2001).

Harris's conviction became final on January 27, 2005. (Rec. Doc. No. 10). Applying the AEDPA's statute of limitations literally, Harris had until January 27, 2006 to file the instant federal habeas corpus petition. Therefore, his petition must be dismissed as untimely, unless the one-year limitation period was interrupted or tolled in a matter provided by the applicable law.

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[]." 28 U.S.C. § 2244(d)(2). To delay the AEDPA's one-year limitation period does not provided for the creation of a new, one-year term during which the federal habeas petition may be filed after the conclusions of state court post-conviction proceedings; rather, the statute establishes a tolling period that is subtracted from the one-year limitation period. Duncan, 533 U.S. at 175-178; Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F.

Supp. 2d 771-772 (D. Md. 1998).  A post-conviction application is considered "properly filed" in accordance with Section 2244(d)(2), when the applicant conforms with the state's applicable filing requirements.  Williams v. Cain, 217 F.3d 303, 306 (5th Cir. 2000). Furthermore, a matter is "pending" for the purposes of section 2244(d)(2) "as long as the ordinary state collateral review process is 'in continuance'" until "further appellate review [is] unavailable under [Louisiana's] procedures." Carey v. Saffold, 536 U.S. 214, 226 (2002); Williams, 217 F3d. at 310.

The AEDPA's one-year statutory limitation may also be delayed by equitable tolling.  The United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. Diguglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Furthermore, equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir 2002).

The one-year AEDPA limitation period began to run in this case, the day after Harris's conviction became final, January 28, 2005, running uninterrupted for 276 days, until October 31, 2005,

when Harris filed an application for state post-conviction relief with the state district court. This filing began a tolling period, as previously discused regarding 28 U.S.C. § 2244(d)(2), which continued for the duration of state post-conviction proceedings.

The state district court denied Harris's post-conviction relief on November 16, 2005, and Harris could then pursue an application with the Louisiana Fifth Circuit Court of Appeals within 30 days in accordance with state rules as regulated by the AEDPA. Harris, however, did not file his petition for a writ of habeas corpus with the Louisiana Fifth Circuit Court of Appeal until December 19, two days after the 30 day time period; however, Harris cites the effects of Hurricanes Katrina and Rita: prison over-crowding, limited prison-library access, etc. as reasons for this two-day delay; as an extraordinary circumstance these two-days arguably qualify for equitable tolling; however, as will be shown, tolling for December 17 and 18 is ultimately moot in totaling the AEDPA's one-year limitation and determining its effect on the timeliness of this petition. (Rec. Doc. No. 14).

Furthermore, after the alleged improprieties of the Louisiana Fifth Circuit's pro se habeas corpus petition review were addressed in the Louisiana Supreme Court's handling of State v. Cordero, 993 So.2d 203 (La. 2008), the issue arises of whether or not this matter qualifies Harris for equitable tolling at least from the time the Louisiana Fifth Circuit denied his application on January 5, 2006, if not from as early as the time of his initial

application to the Louisiana Fifth Circuit Court of Appeal on December 19, 2005. However, as will be shown, even if Harris is afforded equitable tolling during the entire duration of time between his state court denial on November 16, 2005 and his "Petition for Writ of Habeas Corpus" filed with the Louisiana Supreme Court on July 2, 2008, the AEDPA's statute of limitation still would have run prior to the filing of the instant application of federal habeas corpus relief on March 25, 2010.

After his conviction was made final on January 27, 2005, 276 days expired before Harris filed his original post-conviction application, leaving 89 days until the AEDPA statute of limitations would run in the absence of tolling. Excusing on the basis of equitable tolling the time period beginning with the state trial courts November 16, 2005 rejection of Harris's petition to the denial of Harris's second "Petition for Writ of Certiorari" on February 12, 2010, the 89 remaining days expired from February 13, 2010 to May 25, 2010, when Harris made the instant writ of habeas corpus petition with this court.[5] Harris did not have any pending legal action during this time period that would allow for tolling

---

[5] The tolling during this time period is surely qualified under 28 U.S.C. 2244(d)(2) when Harris has "properly filed," "pending" legal action; though, it is only arguable that the improprieties of the Louisiana Fifth Circuit's pro se habeas corpus petition review process would qualify for equitable tolling as codified by case law. However, as has been shown, even completely disregarding this time period, Harris has still exceeded the AEDPA's one year statutory limit to file a federal habeas corpus petition. Furthermore, this extends to the two-day delay of December 17 and December 18, 2005.

under 28 U.S.C. 2244(d)(2), nor has he presented evidence arguing that this time period should be equitably tolled.[6]

Accordingly, the instant petition for habeas relief is dismissed with prejudice, as it was untimely filed after the expiration of the AEDPA's one year statute of limitations.

New Orleans, Louisiana, this 8th day of July, 2011.

---

[6] Harris's objection to the March 1, 2011 Report and Recommendation of United States Magistrate Judge Chasez does not address the time period between February 13, 2010 and May 25, 2011; rather, it asks for equitable tolling of his two-day delay in petitioning the Louisiana Fifth Circuit Court of Appeals on December 19, 2005 and for the period following this petition through his "Petition for Writ of Certiorari" to the Louisiana Supreme Court on October 2, 2008.

11