UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY HARRIS** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 10-1607** |
| **N. BURL CAIN, WARDEN** | **SECTION: "B"(5)** |

## ORDER AND REASONS

Petitioner, Larry Harris's ("Petitioner") Motion to Alter and Amend this Court's July 8, 2011 denial of his petition for habeas relief (Rec. Doc. No. 16), under Federal Rule of Civil Procedure 59(e) (Rec. Doc. No. 19) is **DENIED**.

### Cause of Action and Facts of Case:

Petitioner is presently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, after a Jefferson Parish jury found him guilty of second degree murder on April 25, 2003. (Rec. Doc. 16 at 1). He filed a federal petition for habeas relief on May 25, 2010. (Rec. Doc. No. 16 at 4).

On March 1, 2011, United States Magistrate Judge Chasez issued a Report and Recommendation, which opined that Petitioner's habeas corpus relief be dismissed with prejudice as untimely. (Rec. Doc. No. 10 at 10). Petitioner then objected to the Magistrate's Report and Recommendation, and requested an evidentiary hearing on the substantive issues of his habeas petition. (Rec. Doc. No. 14).

On July 8, 2011, this Court dismissed Petitioner's habeas application with prejudice, as untimely. (Rec. Doc. No. 16 at 1). Subsequently, Petitioner filed the instant motion (Rec. Doc. No. 19).

Petitioner asserts that: (1) he is entitled to equitable tolling during the period of August 29, 2005 through October 31, 2005, due to Hurricane Katrina's adverse effect upon the administration of criminal justice (Rec. Doc. No. 19 at 2-6); and (2) he is entitled to equitable tolling from November 6, 2005 through October 3, 2008, due to reports of impropriety regarding the Louisiana Fifth Circuit Court of Appeal's handling of pro se habeas petitions filed during the time frame of Petitioner's application (Rec. Doc. No. 19 at 6-9). *See* (Rec. Doc. No. 14).[1]

**Law and Analysis:**

**Motion for New Trial Standard**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *Bass U.S. Dep't of Agric.* 211 F. 3d 959, 962 (5th Cir. 2000). However, the Fifth Circuit has held that such motions will be treated as motions to alter or amend a judgment under Rule 59(e), if filed within twenty-eight days of the entry of the judgment. *Hamilton Plaintiffs v. Williams Plaintiffs,* 147 F.

---

[1] In *State v. Cordero,* 993 So. 2d 203 (La. 2008), the Louisiana Supreme Court, in response to the alleged improprieties of the Louisiana Fifth Circuit Court of Appeal's pro se habeas petition review, transferred all applications currently filed with the Court to an insulated three-judge panel of the Louisiana Fifth Circuit Court of Appeal. (Rec. Doc. No. 16 at 3).

3d 367, n. 10.  (5th Cir. 1998); *see also* Fed. R. Civ. P. 59(e). The instant motion has been filed within 28 days of the entry of judgment dismissing Petitioner's habeas application (*See* Rec. Doc. Nos. 16, 19).

Typically, a Rule 59(e) motion is granted on four grounds: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law.  *Lines v. Fair Ins. Co.*, 2010 WL 4338636, at *1 (E.D. La. 10/21/10) (citing *Peterson v. Cigna Group Ins.*, 2002 WL 1268404 (E.D. La. 6/5/02)).

Further, altering, amending or reconsidering a judgment is an extraordinary measure, which courts should use sparingly. *Southern Constructors Group, Inc. v. Dynalectric Co.,* 2 F.3d 606, 611 (5th Cir. 1993).  As such, rulings should only be reconsidered "where the moving party has presented substantial reasons for consideration."  *Baustian v. Louisiana*, 929 F.Supp. 980, 981 (E.D. La. 1996).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner has until one year after the date his conviction becomes final to file a federal application for habeas relief. 28 U.S.C. § 2254(d)(1)(A).  However, this limitations period can be expanded via equitable tolling. *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005).

Petitioner's claim that the Court manifestly erred in failing to equitably toll the 62 day period due to Hurricane Katrina is unfounded, as this is the first time in which Petitioner has raised such claim. The Fifth Circuit has repeatedly held that "Rule 59 may not be used to relitigate old matters or raise new arguments." *Mongrue v. Monsanto Company,* 249 F.3d 422, 427, citing *Simon v. United States,* 891 F.2d 1154, 1159 Further, as stated in *Batterton v. Texas General Land Office,* 783 F.2d 1220, 1225 (5th Cir.), *cert denied,* 479 U.S. 914 (1986), "[d]efenses not raised or argued at trial are ordinarily waived by parties failing to raise them". Indeed, "[Rule 59] motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." *Cunningham v. Healthco, Inc.,* 824 F.2d 1448, 1458 (5th Cir. 1987). Petitioner was clearly aware of the effect of Hurricane Katrina on his ability to access the court system at relevant time periods here, but failed to raise such issue until now. His objections to the Magistrate Judges' Report and Recommendation never referred to or sought equitable tolling based upon any hurricane related reasons. He has effectively waived that basis for equitable tolling, because he again fails to timely assert claims without good cause.

Petitioner did timely request that the period between November 15, 2005 and October 3, 2008 be subject to equitable tolling due to the *Cordero* decision; that request was raised in his objection to the Magistrate's Report and Recommendations. (Rec. Doc. No. 14). However, as previously stated in the Court's Order & Reasons (Rec. Doc. Not. 16 at 10-12), even if the Court equitably told the period of November 15, 2005 through October 3, 2008, Petitioner's habeas application would still be untimely. There is no basis to equitably toll the untimely asserted 62 day hurricane period. After Petitioner's conviction was made final on January 27, 2005, a total of 276 days passed before he filed a post-conviction application on October 31, 2005. Petitioner therefore had only 89 days remaining until the AEDPA one-year statute of limitations period expired. Assuming the period from November 16, 2005 through October 3, 2008 was equitably tolled in light of the *Cordero* decision, Petitioner would have 89 days after February 12, 2010[2] to file his federal habeas application. However, he did not so until 102 days later, on May 27, 2010. As such, Petitioner's habeas application was filed untimely.

The arguments presented by Petitioner do not satisfy the requisite criteria for granting Rule 59(e) relief. He failed to show commission of a manifest error of law; failed to show that there exists newly discoverable or previously unavailable evidence;

---

[2] February 12, 2010 is the date in which Petitioner's second Petition for Writ of Certiorari was denied.

failed to show an intervening change in controlling law; and failed to establish that manifest injustice would result absent granting the instant motion. There is no basis for altering the prior ruling or judgment.

New Orleans, Louisiana, this 31st day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE